IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **LUIS E. LOPEZ,** <br> Petitioner, <br><br> v. <br><br><br> **UNITED STATES OF AMERICA**, <br> Respondent. | ) D.C. CR. NO. 1999-016 <br> ) <br> ) Ref.: D.C. CV. NO. 2011-049 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## O R D E R

**THIS MATTER** is before the Court for *sua sponte* review of the timeliness of Petitioner Luis E. Lopez's ("Lopez") petition for writ of habeas corpus pursuant to V.I. CODE ANN. tit. 5, § 1301 *et seq*.

After a trial by jury, Lopez was found guilty by a jury of murder, burglary, robbery, possession of a firearm during the commission of crimes of violence, assault with the intent to commit murder and robbery, and mayhem with intent to commit a felony, all of which were charged under Virgin Islands statutes. Lopez was also found guilty of carjacking and of possessing a firearm in relation to the commission of carjacking, both of which are federal crimes. He was sentenced to life without parole on the murder charge and additional years on the other counts. Lopez appealed, and his conviction was affirmed on October 24, 2001. *United States v. Lopez*, 271 F.3d 472 (3d. Cir. 2001), *cert. denied*, 535 U.S. 908 (2002).

It is well-settled that this Court lacks jurisdiction to review a petition for writ of habeas corpus brought pursuant to 5 V.I.C. §§

*Lopez v. USA*
D.C. CV. NO. 2011-049
Order
Page 2

1301-1325. *See Parrott v. Government of the Virgin Islands*, 230 F.3d 615 (3d Cir. 2000) (holding that because 4 V.I.C. § 76(a) operates to divest the District Court of jurisdiction for all civil actions, including habeas proceedings, the correct forum for a habeas petition under 5 V.I. Code Ann. § 1303 is not the District Court but the Superior Court).[1]

This Court can only exercise jurisdiction over the instant petition if it is construed as a motion under 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended section 2255 to impose a one-year limitation period on the filing of section 2255 motions. Accordingly, the statute of limitations begins to run from the latest of:

> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In the context of a section 2255 motion, a judgment becomes final on the later of:

> (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or

---

[1] Effective January 1, 2005, the name of the Territorial Court was changed to the Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).

*Lopez v. USA*
D.C. CV. NO. 2011-049
Order
Page 3

>    (2) the date on which the defendant's time for filing a
>    timely petition for certiorari review expires.

*See Kapral v. United States*, 166 F.3d 565, 570-71, 575, 577 (3d Cir. 1999) (stating that "the judgment of conviction does not become 'final' until the time for seeking certiorari review expires . . . [because] [o]nly when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence."

It appearing that Petitioner's motion is untimely,[2] it is hereby

**ORDERED** that this Court lacks jurisdiction to review this petition for writ of habeas corpus pursuant to 5 V.I.C. §§ 1301-1325; and further

**ORDERED** that within thirty (30) days of entry of this Order, Lopez shall inform the Court whether he consents to recharacterization of his petition for writ of habeas corpus under 5 V.I.C. §§ 1301-1325 to a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255;[3] and further

**ORDERED** that the Clerk of Court shall send Lopez a Notice as required by *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000); and further

**ORDERED** that if Lopez consents to recharacterization of his

---

[2] In *Holden v. Mechling*, 133 Fed. Appx. 21, 24 (3d Cir. 2005), the Court of Appeals for the Third Circuit stated that "in order to ensure the accuracy of a holding that a petition is time-barred, before a district court may summarily dismiss a habeas petition, it must afford a habeas petitioner notice and an opportunity to argue why the petition is timely."

[3] *See United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000).

*Lopez v. USA*
D.C. CV. NO. 2011-049
Order
Page 3

>    (2) the date on which the defendant's time for filing a
>    timely petition for certiorari review expires.

*See Kapral v. United States*, 166 F.3d 565, 570-71, 575, 577 (3d Cir. 1999) (stating that "the judgment of conviction does not become 'final' until the time for seeking certiorari review expires . . . [because] [o]nly when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence."

It appearing that Petitioner's motion is untimely,[2] it is hereby

**ORDERED** that this Court lacks jurisdiction to review this petition for writ of habeas corpus pursuant to 5 V.I.C. §§ 1301-1325; and further

**ORDERED** that within thirty (30) days of entry of this Order, Lopez shall inform the Court whether he consents to recharacterization of his petition for writ of habeas corpus under 5 V.I.C. §§ 1301-1325 to a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255;[3] and further

**ORDERED** that the Clerk of Court shall send Lopez a Notice as required by *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000); and further

**ORDERED** that if Lopez consents to recharacterization of his

---

[2] In *Holden v. Mechling*, 133 Fed. Appx. 21, 24 (3d Cir. 2005), the Court of Appeals for the Third Circuit stated that "in order to ensure the accuracy of a holding that a petition is time-barred, before a district court may summarily dismiss a habeas petition, it must afford a habeas petitioner notice and an opportunity to argue why the petition is timely."

[3] *See United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000).

*Lopez v. USA*
D.C. CV. NO. 2011-049
Order
Page 4

petition, within thirty (30) days of entry of this Order he shall set forth in writing any reasons why his motion under 28 U.S.C. § 2255 should not be dismissed as UNTIMELY under the AEDPA; and further

**ORDERED** that if Lopez fails to respond within thirty (30) days of entry of this Order, the Court shall close this file; and finally

**ORDERED** that the Clerk of Court shall send Lopez an application to proceed without prepayment of fees and costs.[4]

**DONE AND SO ORDERED** this <u>22</u> day of June 2011.

                                   **E N T E R:**

                                  /s/ Raymond L. Finch
                                  _____
                                  **RAYMOND L. FINCH**
                                  **SENIOR DISTRICT JUDGE**

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    United States Attorney's Office
    Luis E. Lopez, Jr., Golden Grove Adult Correctional Facility, Rural Route 1, P.O. Box 9955, Kingshill, VI 00850-9715 (PLEASE MARK: Legal Mail: Open in Presence of Inmate Only)

---

[4] The courtesy copy sent to this Court of Lopez's motion "In Response to Court Letter in Matter of Forma Pauperis" along with an attached *in forma pauperis* application filed in the Superior Court of the Virgin Islands is not part of this Court's record.